UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE BAINER, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| vs. | ) Judge |
| | ) Magistrate Judge |
| CITY OF HANOVER PARK, | ) |
| Hanover Park Police Officers | ) |
| HUGO VILLA, Star 208, | ) Jury Demand |
| JASON HARDEN, Star 181, | ) |
| WILLIAM WEIL, Star 124, and | ) |
| JOEL DUCHAK, Star 191, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Hanover Park, Illinois.

5. Defendant-Officers are duly appointed and sworn Hanover Park Police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant Hanover Park is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about September 1, 2010, Plaintiff was upstairs at her home getting ready for a funeral.

9. Defendant-Officers rang Plaintiff's doorbell.

10. Plaintiff went downstairs and opened her door.

11. Defendant-Officers Villa, Harden, Duchak, and Weil were standing on the porch.

12. Without leaving the doorway, Plaintiff asked Defendant-Officers what they wanted.

13. One Defendant-Officer stated they wanted to talk to Plaintiff's son, Daniel, about an incident that happened at school.

14. Plaintiff locked her door and went upstairs to get Daniel.

15. Plaintiff and Daniel went downstairs to talk to the officers.

16. Daniel was standing on the inside stairs near Plaintiff's doorway.

17. Plaintiff opened her door about halfway.

18. Plaintiff stood with her legs on each side of the door, straddling it.

19. Defendant-Officers began yelling at Daniel, demanding that he come outside to talk to them.

20. Daniel refused to leave the stairs.

21. Plaintiff told Defendant-Officers that Daniel had already been to court regarding the incident at school.

22. Plaintiff asked Defendant-Officers whether they had a warrant.

23. Defendant-Officers did not have a search warrant for Plaintiff's house.

24. Defendant-Officers did not have an arrest warrant for Plaintiff's son.

25. Plaintiff told Defendant-Officers that she was going to call Daniel's attorney to tell him what was happening.

26. Defendant-Officers pushed open Plaintiff's door.

27. Defendant-Officers hit Plaintiff with the door and pushed Plaintiff into the wall.

28. Defendant-Officers continued leaning on the door, pinning Plaintiff against the wall and causing the doorknob to push into Plaintiff's abdomen.

29. Plaintiff urinated on herself.

30. Plaintiff was suffering from a hernia, which caused Plaintiff pain as Defendant-

2

Officers continued pushing the door into her body.

31. Defendants injured Plaintiff's ankles by pushing the door into her.

32. Plaintiff told Defendant-Officers that they did not have permission to come in her house.

33. Plaintiff told Defendant-Officers that they were hurting her.

34. One Defendant-Officer grabbed Plaintiff's arm and forcefully pulled her out from behind the door.

35. The same Defendant-Officer grabbed Plaintiff's phone, and threw the phone onto Plaintiff's floor, breaking it.

36. Defendant-Officers told Plaintiff she was under arrest.

37. Defendant-Officers told Daniel that he was under arrest.

38. Plaintiff was handcuffed.

39. There was not probable cause or any other legal justification to arrest or seize Plaintiff.

40. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

41. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to enter Plaintiff's home.

42. Plaintiff was charged with Obstructing a Peace Officer (Villa), and two counts of Battery (Villa and Hardin). The case was docketed in the DuPage County Circuit Court as: People v. Annie L Bainer, 10 CM 4446.

43. In August 2011, all charges against Plaintiff were dismissed.

44. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

45. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, loss of time, loss of normal life, physical pain and suffering, and emotional distress, and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, lost wages, and property damage.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

47. After Defendant-Officers entered her house, Plaintiff was under arrest and not free to leave.

48. Defendant-Officers did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

49. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

50. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

51. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

52. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

53. Defendant-Officers instituted charges against Plaintiff for Obstructing a Peace Officer and Battery.

4

54. There was not probable cause for such charges.

55. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

56. The acts of the Defendant-Officers described in the above state-law claims were willful and wanton, and committed in the scope of employment.

57. Pursuant to *respondeat superior*, Defendant Hanover Park is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant Hanover Park, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Hanover Park is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Hanover Park to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

        Respectfully submitted,

        <u>/s/ Lawrence V. Jackowiak</u>
        *Counsel for Plaintiff*


Lawrence Jackowiak
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595